IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SYLVIA MICHAELSEN, | ) | 4:04CV3299 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JO ANNE B. BARNHART, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon Plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Filing 35.) Plaintiff requests fees in the total amount of $6,670.23, which represents 35.1 hours of work by her attorney, at hourly rates ranging from $151.25 to $156.23[1] and 80.20 hours of work by her attorney's paralegals and law clerk, calculated at a rate of $15 per hour, for a total of $1,203, together with $10.91 in costs for effecting service of the complaint. The Commissioner has objected to portions of the request. (Filing 36.) Plaintiff's response to the Commissioner's objections agrees to a reduction of 2.9 hours of the claimed paralegal time ($43.50) and seeks reimbursement for work on the EAJA fee application and objections thereto, in the total amount of $877.62. (Filing 37 at 4-5.)

The court has determined that Plaintiff was indeed the prevailing party in this action, as this matter was remanded to the Commissioner for further action; that the application for fees was filed in a timely fashion; and that the position of the

---

[1] These hourly rates equal the statutory maximum of $125.00, adjusted on a monthly basis to account for inflation since March 1996. (Filing 35, Ex. 1.)

Commissioner was not substantially justified in light of the reversal of the decision of the administrative law judge and remand of the action for further proceedings. Plaintiff therefore is entitled to an award of reasonable attorney fees. Defendant does not dispute Plaintiff's entitlement to fees, but contends that the amount of fees requested is excessive.[2]

*Hourly Rates*

I first consider the hourly rates for reimbursement of attorney time, paralegal time and law clerk time. The Commissioner does not contest the hourly rates claimed for attorney time, and I find that the rates requested are reasonable. The Commissioner does object to the claimed $15 rate for paralegals and the law clerk, as their actual rate of pay is less than $15 per hour. The court has previously considered this very question regarding Plaintiff's attorney's pay rates and reimbursement rates and has held that a billable rate of $25.00 per hour for paralegals working for Plaintiff's counsel is reasonable, see Marshall v. Barnhart, No. 4:02CV3075, and again so holds.[3]

---

[2] The Commissioner did not object to reimbursement of the costs of effecting service. However, this is properly recovered through taxation of costs and may not be recovered as part of an EAJA fee. The request for reimbursement of costs will be denied without prejudice to Plaintiff filing a verified bill of costs as required by NECivR 54.1(b). As Plaintiff was granted leave to proceed in forma pauperis (filing 3), Plaintiff was not charged a filing fee.

[3] Oddly, Plaintiff seeks reimbursement at a rate of only $15 per hour in this case. Whether to reimburse at $15 or $25 per hour need not be decided here. As I later explain, all paralegal and law clerk time is disallowed here. For future reference, Plaintiff's counsel is advised that I will not order reimbursement at a rate higher than that claimed by Plaintiff.

*Attorney Time*

The Commissioner asserts that Plaintiff has requested reimbursement for an excessive number of hours, of both attorney time and law clerk/paralegal time. I will separately consider the attorney hours and the law clerk/paralegal hours. Plaintiff has requested that any EAJA fees awarded be payable directly to Plaintiff's counsel, and the Commissioner has not objected to this request. (Filing 35 & Ex.'s 5 & 6 to Filing 25.)

As a rule of thumb, the undersigned generally has approved EAJA fee applications for up to 30 billable hours of attorney time in a fully-briefed social security appeal, see Whitney v. Barnhart, No. 4:02CV3048, and up to 24 billable hours of attorney time where the Commissioner has filed a motion to remand, see Engleman v. Barnhart, No. 4:01CV3224. In other words, in the court's experience, an opening brief generally should not require more than 24 billable hours of attorney time and a reply brief generally should not require more than 6 billable hours of attorney time. These generally allowed amounts (24 hours for opening briefs and 6 hours for reply briefs) include time spent reviewing the administrative record.

Here, Plaintiff's attorney initially claimed 35.1 hours of attorney time. The court finds that 35.1 hours are not excessive in this case, as there were unusual factors present. Plaintiff's attorney was required to spend more time reviewing the record in this case because he did not represent the plaintiff at the administrative hearing, and that record was large. In addition, this case was more complicated than the usual social security case. The court will order reimbursement of the full 35.1 hours of attorney time for which reimbursement was initially sought.

*Law Clerk/Paralegal Time*

Plaintiff initially requested reimbursement for 80.20 hours of law clerk and paralegal time in preparing the initial and reply briefs. Later, plaintiff stipulated to the reduction of the number of claimed hours of paralegal time by 2.9 hours to reflect time that might arguably be considered secretarial or clerical time. (Filing 37 at 4.) As explained, in the court's experience fully briefing a standard social security appeal typically requires 30 hours of attorney time–and no paralegal or law clerk time is typically awarded required when reimbursement of 30 hours of attorney time is awarded.[4]

I have found that this is not the typical appeal and have increased the number of attorney hours to be reimbursed above the "standard" 30 hours. The 35.1 hours of attorney time ordered to be reimbursed should have been sufficient for an experienced social security lawyer such as Plaintiff's lawyer to fully brief the appeal in this case–without additional law clerk and paralegal time. I will disallow all claimed law clerk and paralegal time as excessive.

---

[4]The affidavit of Plaintiff's counsel indicates that because he is blind, he requires sighted assistance in order to access printed material. He includes as attorney time any time spent receiving sighted assistance from paralegals or law clerks, but does not request reimbursement for the paralegal or law clerk time expended on providing sighted assistance. (Filing 35 ¶¶ 4-5.) Thus the additional paralegal and law clerk hours for which reimbursement was sought do not include time required to be expended because Plaintiff's counsel is blind. Cf. Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994) (reversing district court's award of slightly less than half of paralegal hours requested, finding that although "the attorney handling this case is blind and that there is some duplication of time between the attorney and paralegal, . . under the unique circumstances of this case the full amount of the requested paralegal services is justified.").

*Reimbursement for EAJA Fee Request*

Although reimbursement for time spent preparing the EAJA fee request was not initially sought, Plaintiff now requests reimbursement of $877.62 for preparation of the fee request and responding to the Commissioner's objections, representing 1.45 hours of attorney time preparing the fee application and 3.35 hours of attorney time responding to the objections, together with 5.5 hours of paralegal time and 2.5 hours of law clerk time.[5] As a rule of thumb, the court's experience is that preparation of an initial EAJA fee application requires 1.5 hours of attorney time and no paralegal time. Here, Plaintiff requests 1.45 hours of attorney time and 5.5 hours of paralegal time. Compared to the typical case requiring 1.5 hours of attorney time and no paralegal time to prepare an initial fee application, Plaintiff is requesting 0.05 less attorney hours (which would amount to $7 at the claimed rate of $159.92) and 4.5 paralegal hours ($67.50 at the claimed rate). Rather than parse through how much paralegal time is equivalent to 0.05 hours of attorney time, the court will order reimbursement of 1.5 hours of attorney time for preparation of the EAJA fee request. The court's experience is that responding to the type of EAJA fee request objections made here by the Commissioner (none of which were novel) requires 0.5 hours of a seasoned social security attorney's time and no paralegal or law clerk time. The court finds the attorney time requested for responding to objections to an EAJA fee request to be excessive and will award 0.5 hours. The court will disallow all paralegal and law clerk time for this purpose. This results in an award of 2 hours of attorney time in the amount of $319.84 for preparation and defense of the EAJA fee request.

For the foregoing reasons,

---

[5]The EAJA paralegal and law clerk time is allocated as follows: 4.5 hours for preparation of fee application (all paralegal) and 3.5 hours preparing the response to the Commissioner's objections to the EAJA application (of this 1 hour is paralegal time and 2.5 hours are law clerk time). (Filing 37 at 5.)

IT IS ORDERED:

1. The Application for Relief Under the Equal Access to Justice Act (filing 25), as amended by filing 37, is granted in part and the Plaintiff's attorney is awarded fees in the amount of $5,776.16;

2. Plaintiff's request for reimbursement of costs is denied without prejudice;

3. Payment shall be made directly to the attorney for Plaintiff, either in the form of a check or by electronic deposit of funds; and

4. Judgment shall be entered by separate order.

March 21, 2006.                    BY THE COURT:

                                   *s/Richard G. Kopf*
                                   United States District Judge